Marilyn DAVIS, Plaintiff,

v.

CITY OF PALO ALTO; Mary Jo Levy,
and Does I–X, Defendants.

No. C–96–20225 RPA.

United States District Court,
N.D. California.

June 14, 1996.

Ariel Pierre Calonne and William B. May-field, Palo Alto, CA, for defendants.

Harold McDermid, Woodside, CA, for plaintiff.

## ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

AGUILAR, Senior District Judge.

Plaintiff Marilyn Davis brings suit against the City of Palo Alto and Mary Jo Levy, under 42 U.S.C. § 1983, for violations of her constitutional right to free speech and assembly. Defendants bring the present Motion to Dismiss the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

Defendant Levy is the Director of Libraries for the City of Palo Alto. Plaintiff Davis is the developer of "e Vote" a software program designed to enable direct democracy over the Internet. According to Plaintiff an agreement was reached between Plaintiff and Defendant Levy. Defendant Levy promised to reserve the Auditorium of the Cultural Center in Palo Alto for a speech by Plaintiff. The library further agreed to sponsor the event and cover expenses. On or about August 31, the sponsorship of the speech was withdrawn and the reservation for the Cul-

tural Center was canceled. Although it appears that Levy was willing to set up another date for the meeting after the details of the meeting had been more fully worked out and an understanding of the purpose and scope of the meeting was ascertained.

 Federal Rule of Civil Procedure 12(b)(6) allows the Court to Dismiss a claim if it fails to state a claim upon which relief can be granted. In adjudicating this motion, the Court must determine that if all of the facts alleged were true, that the Plaintiffs would be entitled to a legal remedy. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If they would not be, then the claim must be dismissed. The absence of sufficient facts alleged under a cognizable theory is a proper reason for dismissal. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).

42 U.S.C. § 1983 creates a cause of action, a legal entitlement to relief, against those who, acting pursuant to state government authority, violate federal law. Erwin Chemerinsky *Federal Jurisdiction*, § 8.1 (2d. ed. 1995). Indeed, one of the Federal Constitutional rights that § 1983 has been used to protect is the right to freedom of speech as guaranteed by the First Amendment to the U.S. Constitution.

 However, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978).

In the instant case, the Plaintiff makes out a tenuous, at best, connection between the cancellation of the sponsorship of her scheduled event and a subrogation of her free speech guarantees under the Constitution. To believe the plaintiff in her moving papers, we must find that the Director of Libraries is engaged in an official oppression of her rights to speak freely. However, as the Court reads the Complaint and the moving papers, the conduct complained of by the Plaintiff is completely innocuous. The papers proffered to the Court show nothing more than an agreement as to the presentation of a speech on City property by the Plaintiff. There were some misunderstandings as to the format of the meeting, and whether the meeting would be in panel format or a speech by the plaintiff. When these difficulties arose, Defendant canceled the meeting for further discussion as to the format, *with the expressly written intention of rescheduling the meeting.* Plaintiff vehemently objected to this cancellation. Over the next few days they tossed around ideas for the conference, but to no avail. When no conference details could be finalized, Defendant withdrew their sponsorship of the speech. However, Plaintiff still conducted her speech on the appointed day on City property, but without sponsorship from the City. Incensed with these turn of events, plaintiff brought this lawsuit.

 The Court finds that Plaintiff has utterly failed to plead a claim for abridgement of her freedom of speech by Defendant Levy.

As the Court reads the papers, Plaintiff and Defendant failed to reach an agreement as to the format of a meeting sponsored by the library. This is not an abrogation of free speech. The Plaintiff was and still is free to speak elsewhere. The Defendant is not preventing her from exercising her rights anywhere in the City. In fact, Plaintiff did in fact use the space for the speech on the day she originally requested, but without the sponsorship of the City. Plaintiff makes no allegations that the Defendant sponsors other organizations, with whose message the Defendant would presumably agree with more, to use the City space free of charge. Perhaps the Plaintiff can cure the defects in her pleading to state a claim. However much the Court doubts she will be able to do this, the Court will grant one more, and only one, chance to cure the defects.

As plead, the Complaint fails to allege a claim under 42 U.S.C. § 1983 for deprivation of free speech as protected by the First Amendment. Plaintiff's Claim against Defendant Levy is DISMISSED with leave to amend.

Next, the Court examines the claim against the City of Palo Alto. As stated

above, under *Monell* a city cannot be held liable under a theory of *respondeat superior* for violations of Constitutional rights by an employee absent an unconstitutional or illegal policy. In oral argument, Plaintiff invited the Court to ignore the clear mandate of *Monell.* However, the Court declines Plaintiff's invitation to ignore this seminal case.

■ The Plaintiff has failed to state a claim against the City. The Complaint makes only cursory mention of the City of Palo Alto's role in this disagreement. The Plaintiff must point to some policy or practice of the City, official or unofficial, which would hold the City in the lawsuit. Allegations of City policy could include written City ordinances, evidence that others have been excluded from City property based solely on the content of their speech, or statements or representations by City employees that such conduct is a City policy or practice. Nothing in the Complaint remotely alleges anything which would establish the City's liability under § 1983.

The Claim against the City of Palo Alto is DISMISSED with leave to amend.

Because the Court has dismissed all of the federal claims, the jurisdiction over the pendent state contract claim is discretionary. That claim is DISMISSED. 28 U.S.C. § 1367(c)(3).

*Conclusion*

The right to freedom of speech is one of the benchmarks of a free democratic society and the protection of that right is one of the loftiest goals of the Court. However, those who seek to assert that right when no speech is being quashed do a disservice to all by drawing attention away from those who truly need that protection.

The Plaintiff's Complaint is DISMISSED in its entirety with leave to amend. Plaintiff must file her amended complaint within 30 days of the date of this order.

Plaintiff's Counter–Motion against Defendant for Sanctions for Frivolous Motions is without merit and is DENIED.

IT IS SO ORDERED.